HERBERT A. PENNOCK, v. ROGERS CALDWELL, as Trustee, etc., *et al.*

156 So. 743.
Division B.
Opinion Filed September 25, 1934.

*A. S. Bussey,* for Appellant;

*Paty, Warwick & Lake* and *L. A. Mooney,* for Appellees.

BUFORD, J.—The appeal here is from an order denying and dismissing an amended petition for an accounting against a mortgagee in possession of the property. The petition for accounting sought to have the Trustee-Mortgagee account for rents, issues and profits of certain property on which petitioner had foreclosed a junior mortgage from the

date of the confirmation of the sale under such foreclosure to the date of the appointment of a Receiver under proceedings to foreclose the senior mortgage.

Caldwell was named as Trustee in the senior mortgage. The senior mortgage pledged the rents, issues and profits of the property embraced in the mortgage. The junior mortgage did not pledge the rents, issues and profits. Before the foreclosure of the junior mortgage the Trustee went into possession of the property under an agreement with the mortgagor to collect the rents and apply the same to the senior mortgage. The junior mortgage was, of course, subject to the senior mortgage and all rights accruing thereunder.

The record shows that holder of the second mortgage purchased the property at sale under foreclosure of his second mortgage while suit to which he was party was pending to foreclose the first mortgage. It also shows that the master's deed to such purchaser was dated subsequent to the date of the final decree foreclosing the first mortgage and that the decree of foreclosure of the second mortgage was made in terms subject to the first mortgage.

It follows that the rents, issues and profits accruing through the mortgaged property remained pledged to the senior mortgagee until its mortgage was discharged and the sale of the property under foreclosure of a junior mortgage could no more affect this lien than it could affect the lien on the property created by the mortgage.

A different rule might apply if the rents, issues and profits had not been pledged in the senior mortgage, but it is not needful to discuss the rule which would apply in such a case. Here the junior mortgagee bought in the property under foreclosure of his junior mortgage subject to all the rights accruing to the senior mortgagee under its mortgage and one of those rights was a lien upon such rents, issues

and profits in favor of the senior mortgagee. The benefits of this lien had been made available to the senior mortgagee by delivery of the possession of the property by the mortgagor with authority to collect and apply rents to the discharge of the obligations secured by the senior mortgage.

Therefore, there was no error in the order appealed from.

This holding is not in conflict with the holding in Kurz v. Pappas, filed June 25th, 1934, as amended June 29th, 1934, or the holding in the case of Mediterranean Corporation v. Pappas, filed September 13th, 1934, as the factual conditions controlling those cases are distinctly different from the factual conditions obtaining in this case.

The order appealed from should be affirmed and it is so ordered.

Affirmed.

WHITFIELD, P. J., and BROWN, J., concur.

DAVIS, C. J., and ELLIS and TERRELL, J. J., concur in the opinion and judgment.